I would like to say in addition to what the the Chief Justice has said, that in reference to the trial of jury cases in this court I have no question but what when congress gave to the supreme court of this territory the power, or, rather, the jurisdiction, to try and determine mandamus proceedings, that carried with it whatever powers, whatever authority belonged to that character of a case. If at common law that was a jury case, which the court has held, and on which I think there is no question, *Page 113 
then this court would have the right to try by jury; but we are left largely, in the conduct of our business in this court, to the acts of the legislature of the territory.
The Organic Act has given this court no executive officers, no sheriff or marshal, as in most of the states some officer is possessed with power to serve the process of this court. The court has no doubt the inherent power to appoint a person or to designate some other officer for that purpose. The chief difficulty, it seems to me, lies in the fact that this court has no funds at its command and none from which it can draw. The law of this territory provides that the jury shall be drawn from the county in which the court is held, and that the jurors shall be paid out of the public treasury of the county in which the court is held. There certainly is no power in this court, under our statutory powers, at least as prescribed by the territorial legislature, to draw upon the funds of Logan county to pay a jury in a case of this character. This court sits for the territory at large; it does not sit for Logan county, and it would be very harsh upon the county where the capital might be or where the supreme court might have its setting to hold that such county would have to bear the expense of all the juries had in the supreme court. There being no funds at our hands with which we can pay supreme court jurors, the difficulty confronts us that while we may have the power to try by jury, as suggested by the Chief Justice, we are left without machinery for securing a jury. We have no authority for drawing a jury, unless we resort back to the common law and secure a jury by open venire, and then we have no officer to execute our process; and a number of difficulties present themselves. The power to draw a jury seems to be left in the authority or jurisdiction to try these causes, yet we have not been supplied by any *Page 114 
provision or authority by the legislature by which we can secure a jury or pay one. Another difficulty might arise in securing the attendance of witnesses, in issuing and serving process. These matters can all be remedied by legislation. If it is the purpose of the legislature that this court shall be a jury court, which would be, as has been well suggested, a detriment to public business, this being an appellate court, yet if this power is given us we are willing to exercise it, if we are given the process by which we can carry it into proper effect.